IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEREMIAH GARR CLARK                                                PLAINTIFF

v.                                   Civil No. 2:21-CV-02026

JIMMY DORVEY, *et. al.*                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.  BACKGROUND

Plaintiff filed his Complaint on January 25, 2021.  (ECF No. 1).  That same day, the Court entered an Order directing Plaintiff to file a competed *in forma pauperis* ("IFP") application and an Amended Complaint by February 16, 2021.  (ECF No. 3).  Plaintiff filed his Amended Complaint and an incomplete IFP application on February 8, 2021, stating that the Franklin County Detention Center ("FCDC") staff had refused to complete the inmate account certificate.  (ECF Nos. 5, 6).  On February 24, 2021, the Court entered an Order directing the Franklin County Sheriff

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

to complete and return the inmate account certificate by March 16, 2021.  (ECF No. 7).  On March 8, 2021, the Order was returned as undeliverable, stating that the Sheriff's position was vacant.  (ECF No. 8).  The *pro se* law clerk assigned to this case then called FCDC and was informed that an Acting Sheriff was currently in the position.  On March 22, 2021, a completed inmate account certificate was filed with the Court, and Plaintiff was granted IFP status.  (ECF Nos. 9, 10).

Prior to listing his claims in his Amended Complaint, Plaintiff provides a "List of Grievances" in which he provides a grievance timeline and a summary of grievance topics.  (ECF No. 6 at 5-6).  These summaries are not presented as claims, and will not be treated as such.

Plaintiff raises four claims in his Amended Complaint.  Plaintiff characterizes his first claim as one for the denial of medical care and hygiene products.  (ECF No. 6 at 7).  He alleges that Defendants Hicks, Rhinehart, Jesse, Johnson, and John Does violated his constitutional rights on August 19, 2020, September 20, 2020, September 27, 2020, December 15, 2020, January 1, 2021, and January 13, 2021.  (*Id.*).  Specifically, he alleges that he told "them" that he could not be in a pod with an ADC inmate.  He was told to "get along" with the ADC inmate, who then injured him.  He alleges the same thing happened a week later with another ADC inmate.  Plaintiff does not describe his injuries from either incident.  (*Id.*).  Plaintiff alleges he was denied proper medical help after the assaults, he was denied prescriptions given by the doctor, and he was denied indigent hygiene supplies.  (*Id.*).  Plaintiff also alleges he was denied medical care for an abscessed tooth and was not tested for COVID-19 despite displaying symptoms.  (*Id.* at 8).

Plaintiff's second claim alleges a denial of access to the Courts on the same dates as Claim One.  He names Defendants Hicks, Levi, Johnson and John Does.  (ECF No. 6 at 8).  Plaintiff alleges that "they" did not hand out indigent mail supplies, did not scan mail in properly, and lost holiday mail.  (*Id.*).

Plaintiff's third claim alleges that on September 5, 2020, December 16, 2020, and "current," "they" gave him a vegan food tray instead of a pork-free and grape-free tray, and the portions were too small.  Plaintiff alleges he lost weight due to receiving insufficient calories and protein.  (ECF No. 6 at 9-10).  He also alleges they "violated his religion,' by bringing the incorrect trays, but he does not identify his faith.  Plaintiff names Defendants Dorvey, Johnson, Vanessa, Levi, Hicks, and John Does for this claim.  (*Id*. at 9).

For his fourth claim, Plaintiff alleges that on January 26, 2021, "Ben the jailer" slammed his cell door and broke it, leaving him trapped in the cell with no way out until February 1, 2021.  (ECF No. 6 at 11).  He alleges the door is still broken, and he is afraid to shut it.  (*Id*.).  He also alleges that while he was "trapped inside" he was denied a shower and other hygiene.  (*Id*.).  Plaintiff names Defendants Dorvey, Johnson, and John Does for this claim.  (*Id*.).

Plaintiff proceeds against Defendants for all four claims in both their official and individual capacities.  (ECF No. 6 at 7, 8, 9, 11).  He seeks compensatory damages, punitive damages, and injunctive relief to "remove staff or properly train the staff and administration to treat inmates with respect, & dignity &, with our rights."  (*Id*. at 10).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re*

*Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  The complaint must still, however, allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Elizabeth Wilson

Plaintiff's claims against Defendant Elizabeth Wilson are subject to dismissal.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).  Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.  Plaintiff has not alleged a causal link between Defendant Wilson and any of his claims.  Instead, she is merely listed as a Defendant in the caption of the case and referenced in Plaintiff's grievance timeline.  *See Martin*, 780 F.2d 1337 (even a pro se plaintiff must allege specific facts sufficient to state a claim).  Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam)

4

(noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

### B.  Denial of Meaningful Access to Courts

Plaintiff has failed to state a plausible claim for denial of access to the courts based on his allegation that Defendants Hicks, Levi, Johnson and John Does did not hand out indigent mail supplies, did not scan mail in properly, and lost holiday mail.

The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977).  Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation.  *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access to courts claim unless he can demonstrate he suffered prejudice or actual injury resulting from the prison officials' conduct.  *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993).  "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an

opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-25; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey,* 518 U.S. at 350-51). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds,* 430 U.S. at 824-25.

Here, Plaintiff has failed to allege any actual injury or prejudice to his pending criminal case. He was able to file the instant Complaint with the Court. Accordingly, Plaintiff has failed to state a plausible denial of meaningful access-to-courts claim.

### C. First Amendment Exercise of Religion

Plaintiff has also failed to allege sufficient facts to state a plausible claim for the violation of his constitutional or federal statutory religious rights. Plaintiff alleges only that he has at times received vegan meal trays instead of pork-free and grape-free trays. Plaintiff does not identify his religion, nor does he state how a vegan meal tray substantially burdened his ability to exercise that religion. *See Martin*, 780 F.2d at 1337 (even a *pro se* Plaintiff must allege specific facts sufficient to support a claim).

Further, the Eighth Circuit, in accordance with several other Circuits, has held that vegan or vegetarian meals can be constitutionally acceptable substitutes for at least two common religious diets. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 814 (8th Cir. 2008) (finding that a Muslim prisoner's ability to practice his religion was not substantially burdened when he had access to vegetarian entrees, and some of those entrees he had to pay for himself); *Pratt v. Corrections Corp.*

6

*of Am.*, 267 F. App'x 482, 482-83 (8th Cir. 2008) (no claim under First Amendment, RFRA or RLUIPA when Muslim inmate provided vegetarian meals with no access to Halal meat); *Robinson v. Jackson*, 615 F. App'x 310 (6th Cir. 2015); *Lineham v. Crosby*, 346 F. App'x 471 (11th Cir. 2009) (provision of vegan or vegetarian meals acceptable in place of kosher meals); *Williams v. Morton*, 343 F.3d 212 (3d Cir. 2003); *Abdullah v. Fard*, 173 F.3d 854 (6th Cir. 1999).

### D.  Conditions of Confinement

Plaintiff's conditions of confinement claim, based on the denial of shower privileges and other hygiene while his cell door was allegedly broken from January 26, 2021 through February 1, 2021, or based on the denial of indigent hygiene supplies on various dates in 2020 and 2021, also fails to state a plausible claim.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.  U.S. Const. amend. VIII.  Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ."  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)).  The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities.  *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element.  *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)).  "The defendant's conduct must objectively rise to the level of a

constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury to receive compensation, and this injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

The Eighth Circuit has held that the denial of shower privileges, for a short period of time, does not constitute an Eighth Amendment violation. *See Abernathy v. Perry,* 869 F.2d 1146, 1149 (8th Cir. 1989) (providing an inmate with only two showers per week was not an Eighth Amendment violation); *Johnson v. Norris*, 2:08CV00052 JTR, 2008 WL 2952015, at *3 (E.D. Ark. July 29, 2008) (no violation where Plaintiff was denied a shower for only eight days); *Jones v. Houston,* Case No. 4:06CV03314, 2007 WL 3275125, *8 (D. Neb. Nov. 2, 2007) (denial of showering privileges for 13 days was not an Eighth Amendment violation); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("a two-week suspension of shower privileges does not suffice as a denial of 'basic hygienic needs'"). Plaintiff also alleges he was denied other hygiene, but he does not identify what it was that he was denied. Nor does he allege any adverse effects from being denied a shower, denied the unidentified hygiene items, or denied the ability exit his cell for several days. Thus, Plaintiff has failed to allege a plausible conditions of confinement

claim based on the allegation that he was denied a shower and other hygiene items for six days when he was allegedly unable to exit his cell.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims for violation of his right to meaningful access to courts, his First Amendment exercise of religion, and Eighth Amendment conditions of confinement be DISMISSED WITHOUT PREJUDICE.  Defendants Wilson and Vanessa should be dismissed as parties from the case.

It is further recommended that Plaintiff's failure to protect, denial of medical care, and denial of adequate caloric intake claims should remain for further review.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of May 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE