IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEREMIAH GARR CLARK                                                                          PLAINTIFF

v.                                        Civil No. 2:21-CV-02026

JIMMY DORVEY, *et. al*.                                                                   DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on January 25, 2021. (ECF No. 1). That same day, the Court entered an Order provisionally filing the case and advising Plaintiff that he must immediately inform the Court of any address change, or his case would be subject to dismissal. (*Id*. at 3). The Order also directed Plaintiff to file an Amended Complaint, which he did on February 8, 2021. (ECF No. 6). On July 21, 2021, mail sent to Plaintiff at the Franklin County Jail was returned as undeliverable, and the deadline for Plaintiff to inform the Court of his new address was set for August 20, 2021. (ECF No. 16). To date, Plaintiff has failed to inform the Court of his new address, and has not otherwise communicated with the Court.

1

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of September 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE